**Electronically Filed
Intermediate Court of Appeals
29375
30-NOV-2010
08:05 AM**

NO. 29375

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
STEVE OSHIRO, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 07-1-0957)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise, and Ginoza, JJ.)

Defendant-Appellant Steve Oshiro (Oshiro), also known as Steven Oshiro, appeals from the Judgment entered on September 17, 2008, in the Circuit Court of the First Circuit (circuit court).[1] Oshiro was charged with manslaughter, in violation of Hawaii Revised Statutes (HRS) § 707-702(1)(a) (1993),[2] for recklessly causing the death of another person as the result of a motor vehicle collision. He pleaded no contest to the manslaughter charge pursuant to a plea agreement with Plaintiff-Appellant State of Hawai'i (State). After obtaining new counsel

---

[1] The Honorable Dexter D. Del Rosario presided.

[2] At the time relevant to this appeal, HRS § 707-702(1)(a) provided:

    (1)   A person commits the offense of manslaughter if:

    (a)   He recklessly causes the death of another person[.]

and prior to sentencing, Oshiro filed a motion to withdraw his no-contest plea (Motion to Withdraw). The circuit court denied Oshiro's Motion to Withdraw and sentenced him to twenty years of imprisonment, consistent with the plea agreement.

On appeal, Oshiro contends that the circuit court erred in denying his Motion to Withdraw on the grounds that: 1) Oshiro did not waive his rights knowingly, intelligently, and voluntarily when he entered his plea; and 2) Oshiro presented changed circumstances or new information justifying the withdrawal of his plea. We affirm.

I.

On January 8, 2008, Oshiro pleaded no contest to the manslaughter charge pursuant to a plea agreement. The plea agreement contained a number of provisions, including that "[Oshiro] agrees that if prior to sentencing he withdraws his no-contest plea and the case is re-set for trial, he will be incarcerated without bail pending trial" (hereinafter, the "no-bail provision"). Oshiro obtained new counsel and filed his Motion to Withdraw. Oshiro argued that there were fair and just reasons for allowing him to withdraw his no-contest plea, namely, (1) he did not knowingly, intelligently, or voluntarily waive his rights; and 2) changed circumstances or new information justified the withdrawal.

Oshiro contended that his plea was not made knowingly, intelligently, or voluntarily because his former counsel[3] had erroneously advised Oshiro that he could withdraw his plea at any time before sentencing. In support of this contention, Oshiro submitted his affidavit in which Oshiro asserted that his former counsel "told me and my family that I could always withdraw my plea of guilty[4] at any time before sentencing." Oshiro also

_____

[3] We refer to the attorney who represented and advised Oshiro in the circuit court proceedings up through the no-contest plea and until new counsel was substituted as Oshiro's "former counsel."

[4] We presume Oshiro meant his plea of no contest.

2

submitted affidavits from family members and a friend who stated that in a group meeting held a few days after Oshiro's no-contest plea, Oshiro's former counsel told them words to the effect that "[Oshiro] knows this and I will tell you this too, until [Oshiro] is sentenced, he can take back the plea agreement."

In addition, Oshiro argued that the no-bail provision of the plea agreement unconstitutionally punished Oshiro for exercising his right to trial and was unenforceable. Oshiro also claimed that information that he had provided a urine sample was new information that his former counsel had not known at the time of Oshiro's no-contest plea.

The circuit court held an evidentiary hearing on Oshiro's Motion to Withdraw. Oshiro's former counsel was the sole witness called to testify. Oshiro's former counsel denied telling Oshiro or members of Oshiro's family that Oshiro could always withdraw his plea before sentencing. Oshiro's former counsel testified that he would never give anyone that advice because "that's an incorrect statement of the law." With respect to the information about the urine sample, Oshiro's former counsel testified that he had been told by the lawyer who represented Oshiro at the time of Oshiro's arrest that Oshiro had provided a urine sample at the hospital immediately after the fatal collision. Oshiro's former counsel further testified, however, that he could not find any confirmation of this information and still did not know whether Oshiro had submitted to a urine test. Oshiro's former counsel noted that information about a urine test was "not listed anywhere in the discovery. It's not listed anywhere in the followup."

The circuit court denied Oshiro's Motion to Withdraw, and issued written findings of fact and conclusions of law in support of its decision. In its findings of fact, the circuit court stated that to the extent that the testimony of Oshiro's former counsel conflicted with the statements submitted by Oshiro and his family and friend, "the Court finds [Oshiro's former counsel's] testimony credible and not the other statements." The

3

circuit court specifically found the following testimony of Oshiro's former counsel to be "factual":

> At no time did [Oshiro's former counsel] say to Defendant Oshiro or to his family that Defendant Oshiro "could always withdraw his plea at any time prior to sentencing"; nor did he say, "[Oshiro] knows this and I will tell you this too, until he is sentenced, he can take back his plea agreement." [Oshiro's former counsel] testified he would not have said those things because they were not true and they were improper statements of the law.

The circuit court found that there was no evidence presented to support the allegation that Oshiro had provided a urine sample immediately after the collision. It also concluded that the no-bail provision did not violate public policy or justify setting aside the plea agreement.

II.

The following principles apply to our review of the circuit court's denial of Oshiro's Motion to Withdraw.

We review the denial of a motion to withdraw a no-contest plea prior to the imposition of sentence for abuse of discretion. State v. Merino, 81 Hawai'i 198, 211, 915 P.2d 672, 685 (1996). In State v. Jim, 58 Haw. 574, 574 P.2d 521 (1978) the Hawai'i Supreme Court discussed the standards for withdrawal of a guilty plea under the predecessor to Hawai'i Rules of Penal Procedure (HRPP) Rule 32, which are the same standards applicable to Oshiro's Motion to Withdraw.

> A defendant does not have an absolute right to withdraw his [or her] guilty plea, and a motion for withdrawal of a guilty plea under the . . . rule must therefore be determined under either of two established principles. Where the request is made after sentence has been imposed, the "manifest injustice" standard is to be applied. But where the motion is presented to the trial court before the imposition of sentence, a more liberal approach is to be taken, and the motion should be granted if the defendant has presented a fair and just reason for his request and the [prosecution] has not relied upon the guilty plea to its substantial prejudice.

Jim, 58 Haw. at 575-76, 574 P.2d at 522-23 (citations and footnote omitted). The defendant bears the "burden of establishing plausible and legitimate grounds for the withdrawal"

4

of the defendant's no-contest plea. Merino, 81 Hawai'i at 223, 915 P.2d at 697.

The two fundamental bases for showing a "fair and just reason" for withdrawing a no-contest plea are (1) the defendant did not waive his or her rights knowingly, intelligently, or voluntarily; and 2) changed circumstances or new information justify withdrawal of the plea. Id. at 223-24, 915 P.2d at 697-98. A defendant must first demonstrate a fair and just reason for the withdrawal of the plea before the court need consider whether the prosecution detrimentally relied upon the plea. Id. at 223, 915 P.2d at 698. We review a defendant's claim that his or her plea was not knowingly, intelligently, or voluntarily entered, thus constituting a fair and just reason for withdrawing the plea, under the de novo standard. Id. at 225, 915 P.2d at 699.

III.

We conclude that the circuit court did not err in ruling that Oshiro failed to demonstrate a fair and just reason for withdrawing his no-contest plea.

A.

Oshiro argues that he did not knowingly, intelligently, and voluntarily waive his rights when he entered his no-contest plea because he entered his plea "under the erroneous belief that he could withdraw his plea at any time before sentencing." In support of this contention, Oshiro submitted an affidavit to the circuit court in which he asserted that his former counsel "told me and my family that I could always withdraw my plea of [no contest][5/] at any time before sentencing." Oshiro also submitted affidavits from his family and a friend to corroborate his claim that his former counsel erroneously advised him that he could withdraw his plea at any time before sentencing.

However, in denying Oshiro's Motion to Withdraw, the circuit court found that the testimony of Oshiro's former counsel on this issue was more credible than the conflicting statements

---

[5/] See footnote 4, supra.

of Oshiro and his family and friend. Based on that credibility determination, the circuit court found, contrary to Oshiro's claim, that Oshiro's former counsel did not advise Oshiro that Oshiro could withdraw his plea at any time before sentencing and that Oshiro had failed to present a fair and just reason for withdrawing his no-contest plea with respect to this issue. We give deference to the circuit court's evaluation of credibility and the weight of the evidence. Domingo v. State, 76 Hawai'i 237, 242, 873 P.2d 775, 780 (1994) ("[I]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trial judge." (internal quotations marks and citation omitted)). Accordingly, we reject Oshiro's claim that his plea was not entered knowingly, intelligently, and voluntarily because he erroneously believed he could withdraw his plea at any time before sentencing.

We note that Oshiro's former counsel submitted a declaration in connection with Oshiro's Motion to Withdraw. In his declaration, Oshiro's former counsel discussed certain provisions of the plea agreement relating to the conditions for and the consequences of Oshiro's withdrawal of his plea. Oshiro's former counsel opined in his declaration:

> Based on my review of the various statements, the plea agreement and my memory of the events related to this Motion [to Withdraw], I now believe that Mr. Oshiro believed that he could withdraw his No Contest plea prior to sentencing. Given the specific language of the unique plea agreement and the explanation of this language to Mr. Oshiro, I understand why Mr. Oshiro believed that he would be allowed to withdraw his plea prior to sentencing.

However, Oshiro himself did not assert by affidavit or through his testimony that he was misled by the terms of the plea agreement or his former counsel's explanation of those terms.[6] Rather, Oshiro, in his affidavit, asserted only that his former counsel told Oshiro that he could always withdraw his plea at any

---

[6] The record reflects that Oshiro was present at the hearing on his Motion to Withdraw, but he did not testify.

time before sentencing, an assertion the circuit court did not find credible. It is the justification asserted by Oshiro that controls the evaluation of whether Oshiro had a fair and just reason to withdraw his plea. We conclude that the opinion or speculation of Oshiro's former counsel on what Oshiro might have believed, which was based on matters Oshiro did not say he relied upon, does not provide a basis for us to overturn the circuit court's decision.

B.

We reject Oshiro's claim that he could not have knowingly and intelligently entered his plea because the no-bail provision was unenforceable. It is well established that a defendant may waive his or her constitutional rights. See, e.g., Merino, 81 Hawai'i at 219, 915 P.2d at 693 (right to counsel); State v. Timoteo, 87 Hawai'i 108, 123, 952 P.2d 865, 880 (1997) (Ramil, J., dissenting, joined by Levinson, J.) (citing examples). In addition, plea bargaining is an important component of our criminal justice system and "does not violate the [United States] Constitution even though a guilty plea waives important constitutional rights." Town of Newton v. Rumery, 480 U.S. 386, 393, (1987); see Bordenkircher v. Hayes, 434 U.S. 357, 361 (1978).

Oshiro agreed to the no-bail provision and thereby bargained away certain of his rights during the give and take of negotiations over his plea agreement.[2] Oshiro provides no persuasive authority to support his contention that as part of a negotiated plea agreement, the no-bail provision was unconstitutional, violated public policy, or was unenforceable. Moreover, the no-bail provision, which was adverse to Oshiro, provided a disincentive for him to enter into the no-contest

---

[2] Oshiro agreed to the terms of the plea agreement as the scheduled trial was approaching. Trial was scheduled for the week of January 14, 2008, the parties agreed to the terms of the plea agreement in December 2007 after extensive negotiations, and Oshiro entered his no-contest plea on January 8, 2008.

7

plea. Thus, regardless of whether the no-bail provision was unenforceable, it did not induce Oshiro to enter into his no-contest plea. Accordingly, the no-bail provision did not provide a fair and just reason for Oshiro to withdraw his plea.

C.

Finally, we conclude that Oshiro's claim that he was entitled to withdraw his plea based on new information or changed circumstances is without merit. On appeal, Oshiro argues that the new information that entitled him to withdraw his plea was the allegation that he provided a urine sample after the collision. However, the circuit court found that no evidence had been presented to support that allegation. Oshiro's former counsel testified that he had not been able to confirm the allegation regarding the urine sample and did not know whether Oshiro had submitted to a urine test. Oshiro's former counsel also testified that no information regarding a urine test was mentioned in the discovery materials. Oshiro himself did not aver through testimony or his own affidavit that he had provided a urine sample after the collision. We conclude that the circuit court did not err in determining that Oshiro had failed to substantiate the urine-sample allegation.

Moreover, Oshiro did not proffer any information regarding the results of any testing of his alleged urine sample -- whether it showed the presence or absence of drugs or alcohol.[8] One of the conditions that a defendant must satisfy to establish his or her entitlement to withdraw a no-contest plea based on new information or changed circumstances is that the new information or changed circumstances, "if believed by a reasonable juror, would exculpate the defendant[.]" Merino, 81 Hawai'i at 224, 915 P.2d at 698 (block quote format and citation omitted). Here, the bare allegation that Oshiro provided a urine sample, even if believed, would not have exculpated him. We

---

[8] The State's theory was that Oshiro's ability to drive had been impaired by his use of drugs, but not alcohol.

conclude that the circuit court did not err in ruling that Oshiro's urine-sample allegation did not provide a fair and just reason for Oshiro to withdraw his plea.

IV.

We hold that the circuit court did not err in denying Oshiro's Motion to Withdraw, and we affirm the September 17, 2008, Judgment of the circuit court.

DATED: Honolulu, Hawai'i, November 30, 2010.

On the briefs:

Michael Jay Green
for Defendant-Appellant

Delanie D. Prescott-Tate
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

9